UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Docket No.: 23-cv-2725

IRA ZICHERMAN AND BRENDA ZICHERMAN,

Plaintiff,

-against-

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

-------------------------------------------------------------------X

## <u>NOTICE OF REMOVAL</u>

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), by and through its undersigned counsel, Rivkin Radler LLP, hereby gives notice of the removal of the above-captioned matter from the Supreme Court of the State of New York, County of Kings, where the action is now pending, to the United States District Court for the Eastern District of New York, and respectfully states as follows:

1.    Plaintiffs Ira Zicherman and Brenda Zicherman ("Plaintiffs") commenced this action (the "Action") against State Farm on February 13, 2023 in the Supreme Court of the State of New York, County of Kings, under Index No. 504722/2023, with the filing of a Summons and Complaint.  Annexed hereto as Exhibit "A" is a copy of all process, pleadings, and/or Orders that have been filed in the Action and/or served upon State Farm, as required by 28 U.S.C. § 1446(a).

2.    This Notice of Removal is being filed within thirty (30) days of the receipt of the Summons and Complaint by State Farm and therefore is timely filed pursuant to 28 U.S.C. §§ 1441, 1446(b).

3. Removal of this Action is proper because this is a civil action in which Plaintiffs seek monetary relief in excess of $75,000.00 against State Farm and there is complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiffs and State Farm.

4. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this Action is pending in Kings County, which is within the Eastern District of New York.

## I.

### Nature of the Case

5. The Action is of a civil nature in which Plaintiffs seek monetary relief against State Farm in connection with State Farm's handling of an insurance claim submitted by Plaintiffs under an insurance policy bearing policy number 56-BW-6742-2 (the "Policy"). Plaintiffs allege the Policy covered Plaintiffs' home located at 1192 East 22nd Street, Brooklyn, NY 11210 (the "Property") See Exhibit "A" at ¶ 4.

6. Specifically, Plaintiffs allege State Farm breached the Policy by failing to fully indemnify Plaintiffs for a water damage loss that allegedly occurred on or about February 12, 2021. See Exhibit "A" at ¶ 5.

7. Plaintiffs allege they sustained damages in the sum of at least $366,066.00. See Exhibit "A" at ¶ 40.

## II.

### The Requirements for Removal Are Satisfied

8. The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

### A.    <u>Diversity of Citizenship</u>

9.    At the time Plaintiffs filed this lawsuit and as of the date of this Notice, Plaintiffs were and are citizens of the State of New York, as they reside in Brooklyn, New York.  <u>See</u> Exhibit "A" at ¶¶ 1,4.  Upon information and belief, Plaintiffs are not citizens of any other state or jurisdiction for purposes of 28 U.S.C. § 1332.

10.    At the time Plaintiffs filed this lawsuit and as of the date of this Notice, State Farm was and is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Illinois.  <u>See</u> Exhibit "A" at ¶ 2; 28 U.S.C. § 1332(c)(1).  State Farm is not a citizen of any other state or jurisdiction for purposes of 28 U.S.C. § 1332.

11.    Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

### B.    <u>Amount in Controversy</u>

12.    As noted above, Plaintiffs allege damages in the sum of at least $366,066.00.  Thus, the amount claimed is in excess of the $75,000.00 jurisdictional limit.

13.    State Farm has therefore established that the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) has been satisfied, and removal of this Action is proper.

### III.

### The Other Procedural Requisites for Removal are Satisfied

14.    Removal is timely under 28 U.S.C. § 1446(b) because the Summons and Complaint filed in the Supreme Court of the State of New York, Kings County on February 13, 2023 is the first pleading, motion, order, or other paper from which it could be ascertained that this Action is one which is or has become removable.

15.    Plaintiffs served State Farm with the Summons and Complaint on March 15, 2023.  <u>See</u> Exhibit "A".  This Notice of Removal is being filed on April 12, 2013 and, thus, is timely.

See 28 U.S.C. § 1446(b)(1).

16.     State Farm will give written notice to Plaintiffs (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

17.     State Farm will file a copy of this Notice of Removal and a Notice of Filing the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings, as required by 28 U.S.C. § 1446(d).

18.     Thus, State Farm has satisfied the requirements for removal under 28 U.S.C. § 1446, and all applicable rules.

## IV.

## Conclusion

19.     For the foregoing reasons, State Farm respectfully requests this Court assume full jurisdiction over the Action herein as provided by law.  State Farm intends no admission of liability by this Notice, and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiffs' pleadings.

Dated:  Uniondale, New York
        April 12, 2023

Respectfully submitted,
RIVKIN RADLER LLP

By: /s/ _____
       Michael A. Troisi
       926 RXR Plaza
       Uniondale, New York 11556
       Telephone:     (516) 357-3000
       Facsimile:     (516) 357-3333

*Attorneys for Defendant State Farm Fire and Casualty Company*

6234420.v1